**FILED**

DEC 23 2009

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Derian Douglas Hickman, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 09 2409 |
| NASA et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff, proceeding pro se, has filed a complaint and an application to proceed in forma pauperis. The application will be granted and the complaint will be dismissed.

Complaints filed by pro se litigants are held to less stringent standards than are formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, pro se plaintiffs must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8 of the Federal Rules of Civil Procedure states the minimum requirements for complaints. Fed. R. Civ. P. 8(a). Rule 8(a) requires that a complaint contain a short and plain statement of the grounds upon which federal jurisdiction rests, a short and plain statement showing that the plaintiff is entitled to relief, and a demand for judgment for the relief sought. The minimum requirements Rule 8 imposes are designed to provide defendants with sufficient notice of the claim or claims being asserted in order to allow defendants to prepare a responsive answer and an adequate defense, and to determine whether the doctrine of res judicata applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Further, compliance

with Rule 8(a)'s requirements should provide a court with sufficient information to determine whether it has jurisdiction over the claims.

In its entirety, this one-page pro se complaint against NASA and the Federal Aviation Administration states as follows:

> Requesting pilot license and aircraft information, private airport, ship dock license or registrations. Also Discovery Shuttle information and United States patent filings and copyrights on the name Discovery Shuttle and Discovery Channel, also Discover Card. Trademarks. Compensation for discrimination and lost business revenue. Compensation for property lost while awaiting court dates. Asking for jury trial. 100 million dollars and property return.

Complaint at 1 (punctuation and spelling altered). This complaint represents no more than a list of desires, and does not identify any claims being pursued. Indeed, it does not present any factual allegations that would support a claim against the defendants. Accordingly, the complaint will be dismissed for failure to comply with the requirements of Rule 8.

Plaintiff has filed at least ten complaints this year, all of which have been dismissed in screening because either the complaint is clearly frivolous and based on delusions or does not meet the minimum standards required as set froth in Rule 8.[1] The plaintiff is advised that if he persists in filing such complaints, this Court may restrict his ability to proceed in forma pauperis.

A separate order accompanies this memorandum opinion.

Date: 12/13/09

United States District Judge

---

[1] In addition to this one and another submitted on December 3, 2009, plaintiff has filed at least eight other complaints. *See* Civil Action Nos. 09-342, 09-359, 09-816, 09-974, 09-1071, 09-1362, 09-1616, 09-2251.